UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MANIKA LEWIS,**

    Plaintiff,

v.                                       CASE NO. 5:18-cv-00263-TKW/MJF

**HEATHER WILSON, Secretary
of the Department of the United
States Air Force,**

    Defendant.

_____/

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff submits the following Surreply:

### I.    STATEMENT OF FACTS

On October 21, 2016, Plaintiff filed a formal EEO Complaint. Plaintiff then amended her EEO complaint multiple times to include the proposed suspension, the allegations of HIPAA violations and the suspension from PHI/PII and patient care. [Ex. A, Letter, 4/10/18; Ex. B, Final Agency Determination, 9/18/18, p. 2; Ex. C, Letter, 11/15/16; Ex. D, Letter, 12/13/16; Ex. E, Letter, 2/1/17; Ex. G, Letter, 2/23/17]. In its Final Agency Decision, the EEO office acknowledged and considered that the proposed suspension was upheld. [Ex. B, Final Agency

Determination, 9/18/18, p. 2, fn. 3].   The EEO Final Agency Decision states the following:

> "Under EEOC Regulations 29 C.F.R. §1614.107(a)(5), an agency is required to dismiss a complaint that alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory. However, where a complaint is filed on a proposed action and the agency subsequently proceeds with the proposed action, it should consider the action to have merged with the proposed action and process the matter.  According to the record, the complainant was issued a ten-day suspension and therefore we have restated the accepted claim to reflect that it pertains to the complainant's suspension, rather than her proposed suspension." [citation omitted]

Thus, Plaintiff's **actual** suspension was **actually** addressed by the Defendant when it investigated her additional complaints filed in October, 2017 and her permanent suspension from patient care was upheld. [Ex. F, Letter, 10/18/17].

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In addition to the above, and if the Court finds the above is not sufficient to find that Plaintiff fully exhausted her administrative remedies, Plaintiff amended her original EEO complaint after Davis proposed the suspension and after Davis and Humphries accused her of HIPAA violations, exhibiting that the discrimination and retaliation were ongoing problems with Defendant's agents, including Davis.[1]

---

[1] The position of a biased employee within the company may raise an inference that he influenced the termination decision. See Wright v. Southland Corp., 187 F.3d 1287, 1306 n. 26 (11th Cir.1999)(noting relationship between supervisor and decisionmaker, coupled with numerous consultations between two, raised inference of cat's paw scenario). Defendant is not insulated merely because higher ranking officials made the decision while relying on Davis'

2

The Eleventh Circuit held that a "plaintiff's judicial complaint is limited by **the scope of the EEOC investigation** which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004)(internal citation omitted)(emphasis added); see also Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)(same). In this matter, Plaintiff was subjected to discipline, including suspensions and termination, from the time that Davis was assigned to mammography in 2016, until her constructive termination[2] in 2017 because of her race and age.

Such actions clearly grow out of Plaintiff's original EEO complaint. "The proper inquiry…is whether [the Plaintiff's] complaint **was like** or related to, or grew out of, the allegations contained in her EEOC charge." Gregory, 355 F.3d at

---

recommendations to discipline and to fire Plaintiff. The misinformation provided by Davis affected the decision to discipline, suspend and terminate Plaintiff.

[2] The doctrine of constructive discharge is "rooted in the notion that the discharge is the product of intolerable conditions." Rowell v. BellSouth Corp., 433 F.3d 794, 803 (11th Cir. 2005). An adverse employment action is a "significant change in employment status such as hiring, firing, failing to promote, reassignment, with significantly different responsibilities or a decision causing a significant change in benefits." Webb-Edwards v. Orange County Sheriff's Office, 523 F.3d 1013, 1031 (11th Cir. 2008) (internal citations omitted). An involuntary transfer may be an adverse employment action if it "involves a reduction in pay, prestige, or responsibility." Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 829 (11th Cir. 2000).

1280 (emphasis added). "It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of an EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. Ga. 1988), citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970); see also Turner v. Orr, 804 F.2d 1223, 1226-7 (11th Cir. 1986). Plaintiff's EEO complaint gave notice that Plaintiff had claims about the differential treatment she received from the time that Davis was named her supervisor, and accordingly, she did preserve all issues in this lawsuit. Any reasonable investigation would have uncovered Defendant's continued discrimination. Accordingly, Plaintiff did preserve all issues and satisfied all conditions precedent.

In addition, in her EEO complaint, Plaintiff indicated that the treatment was constant and ongoing, and Plaintiff amended her EEO complaint after each instance of discipline or differential treatment. The continuing violations doctrine allows for plaintiffs to present disparate treatment or incidents of discrimination that fall outside the typical statute of limitations if the incidents show an ongoing unlawful employment practice. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Continuing violations are exceptions to the rule that one must file a claim. Short v. Immokalee Water & Sewer Dist., 165 F. Supp. 3d 1129, 1142 (M.D. Fla. 2016). "When the allegedly unlawful employment practices amount to a continuing

4

violation, the time period for filing an EEOC charge does not begin until the last occurrence of the discrimination." Id.

Here, Plaintiff filed an EEO complaint in October, 2016, and amended after Davis proposed suspension, indicating that the discriminatory treatment she suffered was ongoing. Therefore, Defendant's discriminatory acts against Plaintiff represent continuing violations, and all acts by Defendant against Plaintiff fall under the continuing violations exception to the statute of limitations.

Finally, the EEO office merged the actual suspension with the proposed suspension in rendering the decision, i.e., Exhibit B, in September, 2018.

## IV. CONCLUSION

Summary judgment should be denied on all claims, for the reasons stated above.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF COMPLIANCE**

I hereby certify in accordance with Local Rule 7.1(F) that this surreply complies with the format requirements specified in Local Rule 5.1(C) and contains 1141 words.

/s/  Marie A. Mattox
Marie A. Mattox

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to all counsel of record this 27th day of April, 2020.

/s/  Marie A. Mattox
Marie A. Mattox